EUGENE FLEMATE, Esq. (SBN: 057011)
LAW OFFICES OF EUGENE FLEMATE
552 N. Second Street
San Jose, CA 95112
(408) 298-7700 voice
(408) 298-7715 fax
GLB1.P002

HAEYOUNG LEE, Esq. (SBN: 171411)
LAW OFFICES OF HAEYOUNG LEE
907 Civic Center Drive
Santa Clara, CA 95050
(408) 248-3509 voice
(408) 248-3526 fax

Attorneys for Plaintiff
GREENLEAF MUTUAL BENEFITS ASSOCIATION

**FILED**

MAY 28 2010

CLERK
United States Bankruptcy Court
San Jose, California

# IN THE UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re Matter of: | Case No.: 10-51667 RLE |
| WOOK SONG and JONG SUN SONG, | Chapter 7 |
| Debtors, | Adversary No.: |
| | COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS AND TO DETERMINE DISCHARGEABILITY OF A DEBT; AND DEMAND FOR JURY TRIAL |
| GREENLEAF MUTUAL BENEFITS ASSOCIATION, Plaintiff, | |
| vs. | [11 U.S.C. §§ 727(a)(3); 727(a)(4); 523(a)(2); 523(a)(3); 523(a)(4)] |
| WOOK SONG and JONG SUN SONG, Defendants. | |

Plaintiff GREENLEAF MUTUAL BENEFITS ASSOCIATION alleges:

## JURISDICTION

1.  This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157, 1334. This adversary proceeding arises in and relates to the captioned Bankruptcy

COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS AND TO DETERMINE
DISCHARGEABILITY OF A DEBT; AND DEMAND FOR JURY TRIAL,
Page 1

Case under Chapter 7 now pending in the court.

2. This proceeding is both a core and non-core proceeding under 28 U.S.C. §157 (b)(2) and (c) (1).

## PARTIES

3. Plaintiff GREENLEAF MUTUAL BENEFITS ASSOCIATION was formed and registered with the California Secretary of State's Office on April 7, 2008. GREENLEAF MUTUAL BENEFITS ASSOCIATION ("GREENLEAF") was formed by individuals who participated in unincorporated associations known as money savings clubs. The money savings clubs were also known by their Korean name of "Kye." A list of the GREENLEAF members is attached to this Complaint as Exhibit 1. Most of the participants in the money savings clubs were first generation Korean immigrants. These members formed and joined GREENLEAF to enforce their individual rights to moneys owed to them by individuals, such as Defendant Jong Sun SONG, who had obtained money from the money savings clubs but who had failed to pay back the money received. Each of the GREENLEAF members have assigned their right to collect the moneys owed to them to GREENLEAF who files this complaint as an unlisted creditor of Defendants.

4. Plaintiff is informed and believes that Defendants are and have been at all relevant times herein residents of Santa Clara County and in the State of California.

## GENERAL AVERMENTS

5. Defendant Jong Sun SONG held the position of "OYA" in six money savings clubs from 2003 up to 2008. As the OYA of the money savings clubs, Defendant Jong Sun SONG was responsible for starting the money savings clubs, recruiting members, operating the money savings clubs pursuant to agreed upon rules and procedures, collecting moneys from members for each month's monthly pot, and overseeing the monthly bidding process to insure fairness. In each of the six money savings clubs in which Defendant Jong Sun SONG was an OYA, there were also one to three other OYAs who had similar duties. Each OYA was responsible for recruiting and representing individual members to join and participate in the money savings clubs. It was the responsibility of each OYA to insure the faithful participation

COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS AND TO DETERMINE DISCHARGEABILITY OF A DEBT; AND DEMAND FOR JURY TRIAL,
Page 2

of the individual members recruited by that OYA. If a member recruited by an OYA failed to make their monthly payment to the money savings club, it was that individual OYA's responsibility and duty to make sure the payment was made, even if the OYA had to make the payment from her own funds.

6. These money savings clubs are deeply rooted in over 5,000 years of Korean culture and the general and basic rules of these associations are well known and understood by the first immigrant generation of Koreans, including the GREENLEAF members and Defendants. The money savings clubs operate based on the trust among the members that each participant will honor their commitments to pay the monthly payment from which the monthly pot is awarded to individual members. Money savings clubs operate for the number of months necessary for each participant to collect a monthly pot. Some collect their pots earlier than others, but because of the faith and trust that each member has in the OYAs, each member can be assured that a monthly pot will be available to them when their turn arrives.

7. Defendant Jong Sun SONG, as an OYA, is and has been well known as a major operator of these money savings clubs in the local Korean community since 2003. Defendant Jong Sun SONG is and has been a member in four additional money savings clubs while she was the OYA of 6 money savings clubs above-mentioned. From 2003 until January or February 2008, Defendant Jong Sun SONG had 90 accounts in these 10 clubs and her monthly payments to these 10 clubs were $112,000.00 per month.

8. Presently, there are 10 pending cases arising out of these money savings clubs in the Superior Court of California, County of Santa Clara in which Jong Sun SONG is named as defendant for fraud, conversion, breach of fiduciary duty in addition to breach of contract: They are: (1) Greenleaf v. Cho, et al., Case No.1-10-CV-161034 (First Tuesday Club), (2) Greenleaf v. Song, et al., Case No. 1-09-CV-160127 (Second Monday Club), (3) Greenleaf v. Yang, et al., Case No. 1-09-CV-160573 (Second Tuesday Club), (4) Greenleaf v. Kim, et al., Case No. 1-10-CV-163768 (Second Wednesday Club), (5) Greenleaf v. Lee, et al., Case No. 1-09-CV-163771 (Second Thursday Club), (6) Yoon, et al. v. Kim, et al., Case No. 1-10-CV-163628 (Third Tuesday Club), (7) Greenleaf v. Song, et al., Case No. 1-09-CV-159605 (Third Wednesday

COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS AND TO DETERMINE DISCHARGEABILITY OF A DEBT; AND DEMAND FOR JURY TRIAL,
Page 3

Case: 10-05163    Doc# 1    Filed: 05/28/10    Entered: 05/28/10 15:54:49    Page 3 of 15

Club), (8) <u>Greenleaf v. Lee, et al.</u>, Case No. 1-10-CV-164915 (Fourth Monday Club), (9) <u>Greenleaf v. Lee, et al.</u>, Case No. 1-10-CV-165063 (Fourth Tuesday Club), and (10) <u>Greenleaf v. Lee, et al.</u>, Case No. 1-10-CV-165129 (Fourth Wednesday Club).

9. Defendant Jong Sun SONG omitted to list her liabilities as the OYA and as the member to these clubs from her bankruptcy petition. Defendant Jong Sun SONG owes First Tuesday Club $461,250.00, Second Monday Club $510,000.00, Second Tuesday Club $105,000.00, Second Wednesday Club $265,325.00, Second Thursday Club $261,250.00, Third Tuesday Club $105,000.00, Third Wednesday Club, $390,000.00, Fourth Monday Club $182,500.00, Fourth Tuesday Club $258,750.00 and Fourth Wednesday Club $710,749.00, totaling $3,249,824.00.

10. Before the commencement of these money savings clubs, Defendant Jong Sun SONG had solicited and persuaded acquaintances and former participants of her previous money savings clubs to join these clubs. Defendant Jong Sun SONG was charged to oversee the collection of monthly payments for these clubs from the participants brought in by her and to ensure the participants' continuous payments after their withdrawals of winning pots from these money savings clubs.

11. Defendant Jong Sun SONG, in these 10 cases, using her capacity as the OYA, deceived members for her pecuniary gains by using numerous deceptive means such as: (1) At the commencement of these clubs, Defendant Jong Sun SONG listed phantom names for a number of accounts, withdrew winning pots in early months and refused to make monthly payments thereafter alleging that the phantom member did not pay his/her dues; (2) Defendant Jong Sun SONG bid for winning pots in the names of participants, took the money and converted the same for her own use and refused to make the monthly payments for these additional pots; and (3) Defendant Jong Sun SONG never disclosed her ownership of 90 accounts in 10 money clubs to anyone, including other OYAs of these clubs, thus, concealing her inability to pay.

12. In or about January 2008, Defendant Jong Sun SONG refused to make her monthly payments on these 90 accounts which amount to $112,000.00 per month. Due to her refusal to pay on these 90 accounts, all 10 money clubs collapsed in or about February 2008.

COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS AND TO DETERMINE DISCHARGEABILITY OF A DEBT; AND DEMAND FOR JURY TRIAL,
Page 4

Case: 10-05163   Doc# 1   Filed: 05/28/10   Entered: 05/28/10 15:54:49   Page 4 of 15

13. Defendant Jong Sun SONG, in her petition filed with this court under penalty of perjury, listed herself as unemployed. At the 341 meeting of the Songs' Bankruptcy, Defendant Jong Sun SONG admitted working at the Casserole House in Oakland.

14. Defendant Jong Sun SONG's sister-in-law, Young Suk Song, alleged that she and her deceased husband Moon Song, brother of Defendant Wook SONG, had lent money in the sum of $330,000.00 from the proceeds of their residence refinance and credit cards. Young Suk Song and Moon Song were able to put a lien on Casserole House for the sum of $100,000.00 even though the owner of that business is Suk Kang Lee, Inc. on the public record.

15. Defendant Wook SONG's name was listed as the agent for service for Coco Chicken, Inc. on the California Secretary of State's public website. Defendant Wook SONG responded to Plaintiff's counsel's question at the 341 meeting that his son who is 25 years old invested $30,000.00.

16. At the meeting, the Chapter 7 Trustee, Mr. Mohamed Poonja, instructed debtors to produce documents relating to their son's alleged investment and the closing escrow statement of their sale of the Saratoga residence sold less than two years before the filing of the petition which was not listed in the statement of financial affairs; however, Defendants have not produced said documents.

17. Plaintiff is also informed and believes that Defendants Jong Sun SONG and Wook SONG have a security interest in Genghis Khan's Mongolian Barbeque in Santa Rosa, CA in the amount of $150,000.00 and they deliberately omitted said asset from their bankruptcy petition.

18. Plaintiff requests the Court determine the dischargeability of all debts which relate to these money clubs and were obtained by fraudulent misrepresentation, by concealment and by breaching her fiduciary duty. Further, Plaintiff requests that the Court deny dischargeability of said debts based on the claims listed below.

//

//

COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS AND TO DETERMINE DISCHARGEABILITY OF A DEBT; AND DEMAND FOR JURY TRIAL,
Page 5

Case: 10-05163    Doc# 1    Filed: 05/28/10    Entered: 05/28/10 15:54:49    Page 5 of 15

## FIRST CLAIM FOR RELIEF
(Objection to Discharge Based on 11 U.S.C. § 727(a)(3)
Defendants Wook SONG and Jong Sun SONG)

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as though set forth fully herein.

20. Defendants have concealed, destroyed, mutilated, falsified or failed to keep or preserve any recorded information including books, documents and records, from which Defendants' financial condition and business transaction might be ascertained. These documents, include, but are not limited to, the closing documents related to their sale of Saratoga Home for approximately $1,900,000.00. At Defendants' 341 meeting, they were instructed by the trustee to produce the closing documents but they have failed to do so.

21. The discharge of Defendants should be denied under section 727(a)(3).

## SECOND CLAIM FOR RELIEF
(Objection to Discharge Based on 11 U.S.C. § 727(a)(4)
Defendants Wook SONG and Jong Sun SONG)

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as though set forth fully herein.

23. On or about February 22, 2010, Defendants knowingly and fraudulently made a false oath in this case as follows:

    A. Under penalty of perjury, Defendants certified schedules herein were true and correct to the best of Defendants' knowledge, information and belief, when in truth and fact, as the Defendants then well knew, the schedules omitted mentioning their ownership of the Casserole Restaurant located at 4301 Telegraph Avenue, Oakland, CA 94609 or in Suk Kang Lee, Inc., the entity that purportedly owns the Casserole Restaurant.

//

COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS AND TO DETERMINE DISCHARGEABILITY OF A DEBT; AND DEMAND FOR JURY TRIAL,
Page 6

Case: 10-05163   Doc# 1   Filed: 05/28/10   Entered: 05/28/10 15:54:49   Page 6 of 15

B. Under penalty of perjury, Defendants certified schedules herein were true and correct to the best of Defendants' knowledge, information and belief, when in truth and fact, as the Defendants then well knew, the schedules omitted mentioning their ownership in Coco Chicken located at 5010 Mowry Avenue, Fremont, CA 94538 or in Coco Chicken, Inc., the entity that purportedly owns Coco Chicken Restaurant.

C. Under penalty of perjury, Defendants certified schedules herein were true and correct to the best of Defendants' knowledge, information and belief, when in truth and fact, as the Defendants then well knew, the schedules omitted mentioning their ownership of a promissory note in the amount of $150,000.00 secured by the Genghis Khan's Mongolian Barbeque Restaurant in Santa Rosa, California.

D. As provided in 28 U.S.C. § 1746, such certification had like force and effect as an oath.

24. The discharge of Defendants should be denied under section 727(a)(4). Defendants' concealment of their assets from the petition are willful and malicious and are grounds for the assessment of punitive damages under 11 U.S.C. §523(a) (6) and §727 (a)(2),(3) &(4).

### THIRD CLAIM FOR RELIEF
(Objection to Discharge Based on 11 U.S.C. § 727(a)(4)
Defendant Jong Sun SONG only)

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as though set forth fully herein.

26. On or about February 22, 2010, Defendant Jong Sun SONG knowingly and fraudulently made a false oath in this case as follows:

COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS AND TO DETERMINE DISCHARGEABILITY OF A DEBT; AND DEMAND FOR JURY TRIAL,
Page 7

Case: 10-05163    Doc# 1    Filed: 05/28/10    Entered: 05/28/10 15:54:49    Page 7 of 15

A. Under penalty of perjury, Defendant Jong Sun SONG certified schedules herein were true and correct to the best of Defendant's knowledge, information and belief, when in truth and fact, as Defendant Jong Sun SONG then well knew, the schedules omitted the debts owing to the GREENLEAF members in the amount of $3,249,824.00.

B. As provided in 28 U.S.C. § 1746, such certification had like force and effect as an oath.

27. The discharge of Defendant Jong Sun SONG should be denied under section 727(a)(4).

28. Defendant Jong Sun SONG's concealment of her debts from the petition are willful and malicious and are grounds for the assessment of punitive damages under 11 U.S.C. §523(a) (6) and §727 (a)(2),(3) &(4).

**FOURTH CLAIM FOR RELIEF**
(Complaint Under Section 11 U.S.C. § 523(a)(2)
Defendant Jong Sun SONG only)

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as though set forth fully herein.

30. This is a core proceeding over which this court has jurisdiction under title 28 U.S.C. § 157(b).

31. Defendant Jong Sun SONG is a debtor in this Chapter 7 case. Plaintiff is a creditor of Defendant.

32. This is an adversary proceeding to determine the dischargeability of a debt.

33. Defendant Jong Sun SONG is indebted to Plaintiff in the sum of $3,249,824.00 on a debt for money obtained by false pretenses, false representations and actual fraud as follows:

34. As an OYA, Defendant Jong Sun SONG would be expected to participate in each money savings club in which she held the position of OYA. Ordinarily an OYA will take from

COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS AND TO DETERMINE DISCHARGEABILITY OF A DEBT; AND DEMAND FOR JURY TRIAL,
Page 8

Case: 10-05163    Doc# 1    Filed: 05/28/10    Entered: 05/28/10 15:54:49    Page 8 of 15

one to three shares. This means that if the monthly contribution were $1,250.00, the OYA, as a member would be expected to pay up to $1,250.00 per share. Defendant Jong Sun SONG did take several shares per money savings club as expected, but she also took additional shares by providing false names to the money club members and claiming that persons were participating that were not in fact participating. She did this so that she could collect a monthly pot under the names of these phantom members.

35. By claiming shares under the name of phantom members, Defendant Jong Sun SONG was misrepresenting the financial obligation that she was personally committing herself to pay. This was a material misrepresentation to the money savings clubs who trusted Defendant Jong Sun SONG and believed that others were receiving the monthly pots and that others would be in a position to make the payments.

36. Defendant Jong Sun SONG also took monthly pots under the name of true participants but without turning the money over to these participants. By diverting and converting moneys due to others, she was also weakening the ability of the money savings club to continue to operate because persons who did not receive monthly pots would not be in a position to continue to make their monthly payments.

37. By January 2008, as a result of her public shares, her phantom shares and the shares converted from some participating members, Defendant Jong Sun SONG had obligated herself to make monthly payments on 90 shares for a total of $112,000.00 per month. The GREENLEAF members relied on the public representations made Defendant Jong Sun SONG and were unaware of her misrepresentations and fraudulent acts.

38. Except for the few shares that were publicly awarded to her in her name, the GREENLEAF members were unaware that Defendant Jun Sun SONG had obligated herself to pay monthly installments of $112,000.00 per month. The GREENLEAF members were unaware because Defendant Jong Sun SONG had made false representations about who was actually receiving the money. She also received the money under the false pretenses that the money was going to be paid by someone else.

COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS AND TO DETERMINE DISCHARGEABILITY OF A DEBT; AND DEMAND FOR JURY TRIAL,
Page 9

39. The $3,249,824.00 debt owed by Defendant Jong Sun SONG to Plaintiff is nondischargeable under Section 523(a)(2) of the Bankruptcy Code.

40. Defendant Jong Sun SONG's false pretenses, false representations and actual fraud were willful and malicious and are grounds for the assessment of punitive damages under 11 U.S.C. §523(a) (6) and §727 (a)(2),(3) &(4).

### FIFTH CLAIM FOR RELIEF
(Complaint Under Section 523(a)(3)
Defendant Jong Sun SONG only)

41. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as though set forth fully herein.

42. This is a core proceeding over which this court has jurisdiction under title 28 U.S.C. § 157(b).

43. Defendant Jong Sun SONG is a debtor in this Chapter 7 case. Plaintiff is a creditor of Defendant.

44. This is an adversary proceeding to determine the dischargeability of a debt.

45. Defendant Jong Sun SONG commenced this Chapter 7 case on February 22, 2010. At that time, Defendant Jong Sun SONG owed to Plaintiff a debt of $3,249.824.00.

46. Defendant Jong Sun SONG failed to include Plaintiff, or Plaintiff's assignors, as creditors in the schedules. The debt of $3,249,824.00 is nondischargeable under section 523(a)(3) of the Bankruptcy Code.

### SIXTH CLAIM FOR RELIEF
(Objection to Discharge Based on 11 U.S.C. §523(a)(4)
Defendant Jong Sun SONG)

47. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 and 30 through 40 above as though set forth fully herein.

COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS AND TO DETERMINE DISCHARGEABILITY OF A DEBT; AND DEMAND FOR JURY TRIAL,
Page 10

Case: 10-05163    Doc# 1    Filed: 05/28/10    Entered: 05/28/10 15:54:49    Page 10 of 15

48. Defendant Jong Sun SONG is indebted to Plaintiff in the sum of $3,249,824.00 on a debt for fraud or defalcation or both while acting as a fiduciary capacity as a result of the following events:

    A. As an OYA of the six money savings clubs mentioned in paragraphs 5 and 10 above, Defendant Jong Sun SONG acted as a fiduciary for all the participants who relied on her good faith and conduct in collecting moneys owed to the money savings clubs, insuring that participants that she recruited were credit worthy and able to make the monthly payment required for members, and if necessary, to indemnify the money savings clubs for the payments not made by her members.

    B. By her misrepresentations, false pretenses, and fraud, as stated above, Defendant Jong Sun SONG, violated her fiduciary duty to the GREENLEAF members by taking money to which she was not entitled and by failing to pay back that money.

49. The debt of $3,249,824.00 owed from Defendant Jong Sun SONG to Plaintiff is nondischargeable under section 523(a)(4) of the Bankruptcy Code.

50. Defendant Jong Sun SONG's false pretenses, false representations and actual fraud while acting as a fiduciary ere willful and malicious and are grounds for the assessment of punitive damages under 11 U.S.C. §523(a) (6) and §727 (a)(2),(3) &(4).

## PRAYERS FOR RELIEF

On Plaintiff's Objection to Discharge Based on 11 U.S.C. §§727(a)(3) and 727(a)(4):

WHEREFORE, Plaintiff demands judgment denying Defendants' discharge and for such other and further relief as is just, including punitive damages, reasonable costs and attorney's fees.

On Plaintiff's Complaint Under §§ 523(a)(2); 523(a)(3); and 523(a)(4):

WHEREFORE, Plaintiff prays that the court determine that the debt of $3,249,824.00 is nondischargeable; that Plaintiff have judgment against Defendant Jun Sun SONG for $3,249,824.00; and that Plaintiff have such other and further relief as is just, including punitive damages, reasonable costs and attorney's fees.

COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS AND TO DETERMINE DISCHARGEABILITY OF A DEBT; AND DEMAND FOR JURY TRIAL,
Page 11

Case: 10-05163   Doc# 1   Filed: 05/28/10   Entered: 05/28/10 15:54:49   Page 11 of 15

Dated: May 28, 2010

LAW OFFICE OF HAEYOUNG LEE

By: _____
    HAEYOUNG LEE

LAW OFFICES OF EUGENE FLEMATE

By: *[signature: Eugene Flemate]*
    EUGENE FLEMATE

Attorneys for Plaintiff
GREENLEAF MUTUAL BENEFITS ASSOCIATION

## DEMAND FOR JURY TRIAL

Plaintiff GREENLEAF MUTUAL BENEFITS ASSOCIATION hereby demands a jury trial for all matters for which it is entitled to a jury trial.

Dated: May 28, 2010

LAW OFFICE OF HAEYOUNG LEE

By: _____
    HAEYOUNG LEE

LAW OFFICES OF EUGENE FLEMATE

By: *[signature: Eugene Flemate]*
    EUGENE FLEMATE

Attorneys for Plaintiff
GREENLEAF MUTUAL BENEFITS ASSOCIATION

COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS AND TO DETERMINE DISCHARGEABILITY OF A DEBT; AND DEMAND FOR JURY TRIAL,
Page 12

Case: 10-05163   Doc# 1   Filed: 05/28/10   Entered: 05/28/10 15:54:49   Page 12 of 15

Dated: May 28, 2010

LAW OFFICE OF HAEYOUNG LEE

By: /s/ Haeyoung Lee
HAEYOUNG LEE

LAW OFFICES OF EUGENE FLEMATE

By: _____
EUGENE FLEMATE

Attorneys for Plaintiff
GREENLEAF MUTUAL BENEFITS ASSOCIATION

## DEMAND FOR JURY TRIAL

Plaintiff GREENLEAF MUTUAL BENEFITS ASSOCIATION hereby demands a jury trial for all matters for which it is entitled to a jury trial.

Dated: May 28, 2010

LAW OFFICE OF HAEYOUNG LEE

By: /s/ Haeyoung Lee
HAEYOUNG LEE

LAW OFFICES OF EUGENE FLEMATE

By: _____
EUGENE FLEMATE

Attorneys for Plaintiff
GREENLEAF MUTUAL BENEFITS ASSOCIATION

COMPLAINT OBJECTING TO DISCHARGE OF DEBTORS AND TO DETERMINE DISCHARGEABILITY OF A DEBT; AND DEMAND FOR JURY TRIAL,
Page 12

Case: 10-05163   Doc# 1   Filed: 05/28/10   Entered: 05/28/10 15:54:49   Page 13 of 15

# EXHIBIT 1

# GREENLEAF MEMBERS NAME

1. RA, IN SOON
2. KANG, CHONG CHA
3. KANG, HOWARD
4. KOO, JIN HEE
5. CHU, BAUHUEY
6. KIL, EUN HEE
7. KIM, JESSICA
8. KIM, KI JUNG
9. KIM, JUNG SOON
10. KIM, SOPHIA
11. KIM, YOUNG HEE
12. KIM, YOUNG JIN
13. KIM, IN SOOK
14. KIM, IN SIK
15. KIM, JIN DONG
16. BENNETTE, LISA Y.
17. HARTFORD, MIRA
18. KIM, YOUNG BO
19. PARK, MOON CHA
20. PARK, SAM HEE
21. PARK, EUM HEE
22. PARK, HEIDI
23. GONZALES, VERONICA
24. TORRES, VICTOR
25. BROOK, SONY
26. KIM, SOO
27. SMITH, SOOKIE
28. SMITH, YANG SUN
29. SIM, JEE MEE
30. STEM, EL
31. LILE, YOSHIKO
32. WOO, HI YOON
33. YOO, KYUNG SOOK
34. LEE, KYUI NAM
35. YU, PO SON
36. LEE, ZUM SOON
37. YIM, YU SANG
38. JANG, KYUNG MI
39. CHO, JOSEPH
40. OHM, PIL SUN
41. CHAI, IN SOOK
42. CHOE, YOUNG MI
43. HONG, SONG KOOK
44. HONG, JULIE J.
45. HWANG, YOUN OK
46. HAR, SUE
47. HONG, SUE
48. SHEY, SUN
49. KIM, KI JONG
50. KIM, JAMES (MIN WOOK)
51. KIM, EUN HYUN
52. KIM, WON SANG
53. KIM, TAE YANG
54. NA, DO YOUNG
55. PAE, HYE SOOK
56. SONG, BONG GUP
57. YI, SANG B. (SHISHEDO)
58. YUN, YOUNG GIL
59. YOON, YOU HAN
60. LEE, KYUNG SOOK
61. LEE, JUNG MI
62. CHONG, HELEN
63. JANG, GRACE (GA JA)
64. GARCIA, FRANK A.
65. SANCHEZ, JOANN
66. CHOI, YONG HEE